Harvey A. LEVE and William H. Quasha d/b/a Quasha Law Office, Plaintiffs,

v.

SCHERING CORPORATION, Defendant.

Civ. A. No. 74–1198.

United States District Court,
D. New Jersey.

Feb. 7, 1975.

On Request that Dismissal Be Without Prejudice April 15, 1975.

Nicholas E. Caprio, Goldman, Goldman & Caprio, East Orange, N. J., Roy M. Cohn, Saxe, Bacon & Bolan, P. C., New York City, for plaintiffs.

Matthew Farley, Shanley & Fisher, Newark, N. J., for defendant.

BIUNNO, District Judge.

On January 10, 1975 an order was entered on defendant's motion, directing plaintiffs to produce or otherwise object to defendant's request for production of August 6, 1974. This was to be accomplished by January 20, 1975. Plaintiffs were also ordered to appear for depositions not later than January 30, 1975. On failure of plaintiffs to comply, defendant was authorized to move to dismiss on short notice.

Plaintiffs have not complied with the order, and defendant has filed motion to dismiss on short notice, returnable February 10, 1975. Plaintiffs have countered with a motion filed that day and returnable February 24, 1975, seeking an order to limit the scope of the August 6, 1974 request for production (or granting an extension of time to complete the production); and an order vacating the defendant's notice of oral deposition (or for an order to examine by written interrogatories instead), and an order staying the oral depositions noticed to be commenced by or before January 30, 1975.

This disposition will deal with both motions. The motion of plaintiffs will be taken up first.

The affidavit and exhibits submitted for plaintiff are inadequate to support any request to limit the scope of the request for production. It is now nearly 7 months since

the request was made, and very little seems to have been supplied. Even that which was supplied was only produced after defendant's first motion was made.

Beyond that, plaintiffs have not made objections in compliance with F.R.Civ.P. 34(b). They have ignored the fact that the obligation to produce now rests on the order of January 10, 1975, entered to enforce the request, rather than on the request itself. That order gave them until January 20, 1975 within which to produce or object, and they did neither within the time limited. Thus, the order stands.

A point is made of the time needed for mail in transmitting the documents from Thailand, where plaintiffs are. A phone inquiry of a local office of Pan Am reveals that packages sent over their service between New York and Thailand are available for pick-up at destination within a maximum of 5 days from the time of delivery to Pan Am's cargo service office. For the first 100 lbs., the charge is $2.56 a pound, and above that, $1.96 a pound; the minimum charge per shipment is only $22. Thus, it appears that there are inexpensive means for prompt shipment, while the nearly 7 months since the request would have been enough to deliver by sailing vessel around the Horn.

The argument on scope (aside from the failure to comply with the Rule noted) amounts to no more than plaintiffs' view of what defendant needs to prepare a defense. That evaluation is to be made by defendants, not by plaintiffs.

On the matter of depositions, plaintiffs also pretend they are dealing with a notice, when in fact they are dealing with an order, and the order still stands. The argument advanced (aside from that) is without substance since it is plain that defendant's deposition discovery is designed to elicit information with the requested documents as reference. To attempt that kind if inquiry by written interrogatories is certain to be essentially impossible as well as wasteful of time and effort.

■ Defendant's motion to dismiss has not been met effectively. Plaintiffs were on notice by the terms of the order of January 10, 1975 what the risk of non-compliance would be. They chose not to comply with it. Had they shown, by January 20, 1975, that the requested documents were shipped and on the way, or had they complied with F.R.Civ.P. 34(b) by way of objection, an application for an order modifying the schedule could have been made with a high likelihood that it would be granted. This, of course, was not the case.

■ Accordingly, defendant's motion will be granted, and the complaint is dismissed. The dismissal will take effect and will be entered on March 24, 1975. If, before that time, all the items requested have been produced and the depositions concluded, an application for reconsideration will be entertained, but with no prediction of its outcome. The parties will keep in mind, as well, that a claim for legal services based on a contingent fee arrangement is always subject to the closest scrutiny, and that the attorney advancing such a claim is obliged to make a full and complete disclosure to the client.

SO ORDERED.

April 15, 1975
## ON REQUEST THAT DISMISSAL BE WITHOUT PREJUDICE

Plaintiffs have not taken advantage of the opportunity provided by the Letter Opinion and Order of February 27, 1975 to produce the documents requested and to conclude the depositions noticed.

Instead, counsel wrote the court on the last day of the period allowed, March 24, 1975, with an outline of personnel difficul-

ties arising from the death in September, 1974, of an associate working on the case, and from a medical leave in December, 1974 for a partner who took on his burdens. They also take note of the expense of air fare involved in the depositions. On this basis they request that the dismissal called for in the February 27, 1975 order be expressed to be without prejudice.

The court finds no basis for granting this informal request. The material now submitted was known long ago · and[1] never presented until time had run out. Also, if the personnel problems were so serious, no explanation is given of the failure to turn the case over to someone else. Plaintiffs' interests required that this matter be given attention, and if present counsel was unable to do so, he had a professional obligation to see that someone else who could do so be engaged.

SO ORDERED.